UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL A. KELLEY, )<br>)<br>        Petitioner    )<br>)<br>   vs.                     )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>        Respondent   ) | CAUSE NO. 2:12-CV-373 RM<br>(Arising out of H CR 74-154) |

OPINION and ORDER

Michael Kelley was sentenced to a seven-year term of imprisonment in June 1975 based on his plea of guilty to two counts of distribution of heroin in violation of 21 U.S.C. § 841(a)(1). An additional charge against Mr. Kelley was dismissed at the time of sentencing. Judge Allen Sharp of this court imposed Mr. Kelley's sentence under 18 U.S.C. § 5010(c), a provision of the Youth Corrections Act, which was repealed in October 1984.

In August 2012, Mr. Kelley filed a petition asking that his 1975 sentence be vacated or set aside pursuant to 28 U.S.C. § 2255 based on his claim that his 1975 convictions should have been vacated and because they weren't, his counsel was ineffective, he was improperly induced into pleading guilty, and/or the government breached a specific performance condition of the plea agreement.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Too, petitions filed pursuant to 28 U.S.C. § 2255 are governed by a one-year limitations period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Judgment in Mr. Kelley's criminal case was entered on June 6, 1975, and when no appeal was taken, the judgment became final that date. Mr. Kelley's August 3, 2012 filing, then, is untimely by more than thirty-five years.

Mr. Kelley hasn't argued that the one-year limitations period is somehow inapplicable to his claims or that equitable tolling is justified in this case. A petitioner is "entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549,

2

2553 (2010). In his petition, Mr. Kelley reports that "[f]or the past (37) yrs, I was led to believe this conviction had been vacated. I just learned for the first time in December of 2011 that the prosecutor for the Western District of Missouri was intending on using this case as a prior conviction for enhancement." Petn, ¶ 11(e). Mr. Kelley hasn't pointed to any extraordinary circumstance(s) beyond his control that prevented him from inquiring into the status of his 1975 conviction – his belief that the convictions had been vacated doesn't warrant equitable tolling of the statute of limitations. *See* Holland v. Florida, 130 S. Ct. at 2553 (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing); Nolan v. United States, 358 F.3d 480, 483 (7th Cir. 2004) ("[U]nless [the court is] persuaded that the statute of limitations can and should be equitably tolled for his claims, they are time-barred."). Mr. Kelley's claims are untimely and, so, are time-barred.

Even if the court were to find the doctrine of equitable tolling applicable to Mr. Kelley's claims, he still wouldn't be entitled to the relief he seeks. His claims that his plea agreement specifically provided that his convictions would be vacated and his attorney "improperly induced [him] into a plea agreement to a crime he maintains he was actually innocent of and only pled guilty because he was led to believe he was getting an opportunity to have this conviction completed vacated without any disabilities attached," Memo., at 15, aren't supported by the record of the 1974 criminal action, which has been located by the clerk of the court.

3

The court's review of the two page Stipulation of Plea Agreement document, filed with the court on January 6, 1975, revealed the following: Mr. Kelley agreed he would plead guilty to Counts 4 and 5 of the indictment and the government agreed to dismiss Count 1 at the time of sentencing, Plea Agree., ¶ 1; the parties agreed that Mr. Kelley would be sentenced to a term of eight years under the Federal Youth Corrections Act, 18 U.S.C. §§ 5010(a)-(c), with the understanding that if the court determined that an eight-year sentence was inappropriate, Mr. Kelley could withdraw his guilty plea and proceed to trial before another judge, Plea Agree., ¶ 2; Mr. Kelley agreed to testify truthfully about his acquisition of heroin on September 13 and 16, 1974 and his knowledge of facts about Richard Peyton, Plea Agree., ¶ 3; Mr. Kelley and the government agreed that he would be committed for observation and study pursuant to 18 U.S.C. § 5010(e), Plea Agree., ¶ 4; and the parties agreed that the Stipulation "contains all promises and representations made by the government to the defendant, Michael Allen Kelly [sic], with respect to his plea." Plea Agree., ¶ 5. The second page of the document contains Mr. Kelley's signature, along with the signatures of Assistant United States Attorney Andrew Baker and defense counsel James Wieser. The plea agreement contains no mention of any potential or promised expungement or vacation of Mr. Kelley's convictions on Counts 4 and 5 of the indictment, and Mr. Kelley hasn't pointed to or provided any evidence of such an agreement, so he

4

can't prevail on his claim that the government breached a non-existent condition of the plea agreement.

In addition, the transcript of the change of plea proceeding disproves Mr. Kelley's claim of "actual innocence" and, in fact, evinces his admission to the crimes charged:

> THE COURT: One of the other items I must determine as to whether or not you are pleading guilty is whether you actually are guilty of what you are charged with doing in Counts 4 and 5. Both of those charges are brought under the same section of the statute and the dates are the 13th of September, 1974 in Count 4, and the 16th of September, 1974 in Count 5. You are charged with knowingly and intentionally and unlawfully distributing heroin or a substance, a mixture containing heroin. First of all, generally are you guilty of the conduct that is alleged against you in Counts 4 and 5?
> MR. KELLEY: Yes, sir.
> THE COURT: Specifically, on the 13th of September, or about that date, where did the acts take place, what address?
> MR. KELLEY: It was at my home address, 6703 Schneider, in Hammond, Indiana.
> THE COURT: About what time of day or night, if you remember?
> MR. KELLEY: It was about in the afternoon, about twelve, one.
> THE COURT: Right after noon?
> MR. KELLEY: Right.
> THE COURT: Who else was involved in this, that you know their names and so forth, in this transaction?
> MR. KELLEY: It was a man, John Eckenrode. He introduced another man, I don't remember his name, he was the agent.
> THE COURT: Working undercover?
> MR. KELLEY: Right.
> THE COURT: Obviously, you did not know he was an agent?
> MR. KELLEY: He introduced me to him on September 13 and asked me to buy for him, so I got in the car with the agent and Eckenrode and we drove over to a house, about two or three miles away, I can't remember the name of the street.

| | |
|---|---|
| THE COURT: | Was that also in Hammond? |
| MR. KELLEY: | Yes, sir. And he gave me the money. I got out of the car, I went to this house and went up there and exchanged the money for a packet containing heroin and brought it back and gave it to the agent. |
| THE COURT: | How much money? |
| MR. KELLEY: | $125. |
| THE COURT: | Was that in 10's and 20's, or what denomination? |
| MR. KELLEY: | It was 10's and 20's and a 5. |
| THE COURT: | Who gave you the money? |
| MR. KELLEY: | The agent did. |
| THE COURT: | The person who turned out to be an agent? |
| MR. KELLEY: | Right. |
| THE COURT: | Whose car did you go over in? |
| MR. KELLEY: | The agent's. |
| THE COURT: | Did you know this John Eckenrode before? |
| MR. KELLEY: | Yes. |
| THE COURT: | Was he the one who initially called you about this? |
| MR. KELLEY: | Yes, sir. |
| THE COURT: | Was there anyone else involved in this transaction, was any [other] person present? |
| MR. KELLEY: | There was a friend that was with me, John Medvid. |
| THE COURT: | Who was a [co-]defendant in this case? |
| MR. KELLEY: | Right, he rode along with me. |
| THE COURT: | Now, in Count 5 you are charged with a similar offense on the 16th of September, 1974. Are you in truth and fact guilty of that count? |
| MR. KELLEY: | Yes, sir. |
| THE COURT: | Can you tell me basically what happened? |
| MR. KELLEY: | Basically the same thing. |
| THE COURT: | About what time of day? |
| MR. KELLEY: | Then it was around I would say about five, five-thirty. |
| THE COURT: | Later in the day? |
| MR. KELLEY: | Yes. |
| THE COURT: | That was P.M.? |
| MR. KELLEY: | 5:30 p.m. |
| THE COURT: | Who was involved? |
| MR. KELLEY: | John Eckenrode and a man that turned out to be the agent. |
| THE COURT: | The same man you were talking about before? |
| MR. KELLEY: | Yes, and John Medvid also. |

| | |
|---|---|
| THE COURT: | Again, how much money was involved in that transaction? |
| MR. KELLEY: | $125. |
| | \* \* \* |
| THE COURT: | Who initially contacted you? |
| MR. KELLEY: | John Eckenrode. |
| THE COURT: | You went and got a substance that you knew to be heroin, is that right? |
| MR. KELLEY: | Yes. |
| THE COURT: | You knew this was heroin at the time, is that right? |
| MR. KELLEY: | Yes, sir. |
| THE COURT: | At least it was bought to be heroin in both instances? |
| MR. KELLEY: | Yes, sir. |

Plea Hrg. Tr., at 15-18.

Mr. Kelley also told Judge Sharp at the change of plea hearing that no threats had been made or coercion used against him to get him to plead guilty, Plea Hrg. Tr., at 14; he had had no trouble communicating with his counsel, understanding the terms of the plea agreement, or understanding the court proceedings, Plea Hrg. Tr., at 14, 20; he agreed that, if asked to do so by the government, he would provide information and/or testimony about other people involved in his September 1974 acquisition of heroin, Plea Hrg. Tr., at 22, 25; and he was satisfied with the representation his counsel had provided, Plea Hrg. Tr., at 6. Because the record supports a finding that Mr. Kelley's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him," Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)), and Mr. Kelley admitted that he purchased and distributed heroin, he can't prevail on his claim that he is actually

7

innocent of the charges in Counts 4 and 5 of the indictment or that his attorney wrongfully induced him to plead guilty.

Thus, Mr. Kelley's claims are untimely and without merit, and the court DENIES his request for relief pursuant to 28 U.S.C. § 2255. To the extent Mr. Kelley is attempting to advance claims relating to the current proceedings against him in Missouri, those claims are not properly brought in this court and so won't be considered.

SO ORDERED.

ENTERED:   September 26, 2012

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   M. Kelley
      AUSA – Hammond

8